[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11959
Non-Argument Calendar

_____

D.C. Docket No. 4:03-cr-10004-KMM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARSHELL COOPER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 21, 2012)

Before DUBINA, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant Marshell Cooper, a federal prisoner, appeals from the district court's denial of her motion to reduce sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Cooper argues that the district court should have reduced her sentence under Amendment 750 to the Sentencing Guidelines because: (1) under *Freeman v. United States*, 564 U.S. ___, 131 S. Ct. 2685, 180 L. Ed.2d 519 (2011), she is eligible for a reduction even though she was sentenced as a career offender; (2) the Fair Sentencing Act ("FSA") changed the minimum sentence that she faced; (3) the district court counted her criminal history against her several times; and (4) the crack-powder cocaine sentencing disparity is unfair.

We review *de novo* a district court's conclusions about the scope of its legal authority under § 3582(c)(2). *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).

A district court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. The applicable policy statements, found in U.S.S.G. § 1B1.10, state that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the

2

defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 750 to the Sentencing Guidelines amended the drug quantity table in § 2D1.1(c) to reduce offense levels in crack cocaine cases.  *See* U.S.S.G. App. C, Amend. 750.  Amendment 759 made the drug quantity table amendment retroactive, and it became effective on November 1, 2011.  *See id.*, Amend. 759.

In *Moore*, we addressed whether Amendment 706, which similarly reduced the base offense levels for crack cocaine offenses, authorized reductions under § 3582(c)(2) for defendants who had been convicted of crack cocaine offenses, but had been sentenced under the career offender guidelines.  *See Moore*, 541 F.3d at 1325-26.  We explained that § 3582(c)(2) only authorizes reductions to sentences that were "based on" sentencing ranges that were subsequently lowered.  *Id.* at 1327.  As Amendment 706 did not lower the career offender offense levels, we concluded that it did not lower the sentencing range upon which a career offender's sentence had been based.  *Id.*  We also explained that the commentary to § 1B1.10 "[made] clear" that a § 3582(c)(2) reduction was not authorized where an amendment lowered a defendant's base offense level for the offense of conviction, but not the career offender sentencing range under which the defendant was sentenced.  *Id.* at 1327-28; *see also* U.S.S.G. § 1B1.10, comment. (n.1(A)).

3

Even after the Supreme Court's decision in *Freeman*, *Moore* remains binding precedent in our Circuit. *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir.), *cert. denied*, (U.S. Oct. 29, 2012) (No. 12-6573). *Freeman* had nothing to do with defendants who were assigned a base offense level under one guideline section, but were ultimately assigned a total offense level and guideline range under § 4B1.1. Therefore, a defendant who was convicted of a crack cocaine offense but sentenced as a career offender was still not eligible for a § 3582(c)(2) reduction under Amendment 750. *Id*.

We recently have held that the FSA may not be used to reduce a sentence pursuant to a § 3582 motion because it is not a guidelines amendment issued by the Sentencing Commission. *United States v. Berry*, ____ F.3d ___, No. 11150, 2012 WL 5503789 (11th Cir. Nov. 14, 2012). Further, the FSA has not been made retroactively applicable to sentences imposed before its 2010 passage. *Id*. at 4–5.

Cooper's argument that she is entitled to a § 3582 reduction, despite her status as a career offender, is foreclosed by our decision in *Lawson*. *See Lawson*, 686 F.3d at 1321. Cooper does not contest that she was sentenced as a career offender. *Lawson* confirms that *Moore* is still binding precedent, and, under *Moore*, Cooper is not eligible for a sentence reduction because she was sentenced as a career offender. *See id*.; *see also Moore*, 541 F.3d at 1330.

4

None of Cooper's other arguments for a sentence reduction deal with a retroactive amendment to the Guidelines issued by the Sentencing Commission. This includes Cooper's argument, raised for the first time on appeal, that the FSA should apply to her motion. *See Berry*, ___ F.3d ___. 2012 WL 5503789, at 1. Accordingly, we hold that a sentence reduction is not authorized under 18 U.S.C. § 3582, and we affirm the district court's order denying the motion to reduce sentence.

**AFFIRMED.**